UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ERNIE JOHNSON,

      Plaintiff,

                                Case No. 16-14013

v.                             HON. DENISE PAGE HOOD

U.S. BANK NATIONAL
ASSOCIATION,[1]

      Defendant.
_____/

**ORDER GRANTING IN PART AND DENYING IN PART**
**DEFENDANT'S MOTION TO DISMISS, OR INTHE**
**ALTERNATIVE, FOR SUMMARY JUDGMENT [#7]**

## I.    INTRODUCTION

On October 26, 2016, Plaintiff filed an action in Genesee County Circuit Court

regarding the foreclosure sale of his home by Defendant on April 27, 2016.

Defendants filed a Notice of Removal of Plaintiff's cause of action with this Court

on November 11, 2016. Presently before the Court is Defendant's Motion to Dismiss,

---

[1]Although the docket in this case only identifies one defendant (U.S. Bank National
Association), Plaintiff's Complaint was filed against two defendants, U.S. Bank National
Association and U.S. Bank Home Mortgage. Dkt. No. 1, PgID 29-30. According to Defendants,
U.S. Bank Home Mortgage is a division of U.S. Bank National Association. Dkt. No. 3, PgID 62.

or in the Alternative, for Summary Judgment[2] [Dkt. No. 3], which has been fully briefed. For the reasons that follow, Defendant's Motion is granted in part and denied in part.

## II.    STATEMENT OF FACTS

On November 12, 2007, Plaintiff purchased a property at 5416 River Meadow Boulevard, Flint Township, Michigan (the "Property"). Dkt. No. 1, Complaint ¶ 9. In connection with the purchase of the Property, Plaintiff executed a mortgage and note for $165,648 in favor of MAC-CLAIR MORTGAGE CORPORATION.  Dkt. No. 1, Complaint ¶ 11; Dkt. No. 3, Ex. 1, Ex. 2.  Later that month, Plaintiff was given notice that servicing of the mortgage loan was assigned from MAC-CLAIR MORTGAGE CORPORATION to defendant U.S. Bank National Association ("Defendant"), Dkt. No. 3, Ex. 3, and the mortgage and note also were assigned to Defendant. Dkt. No. 1, Complaint ¶ 15; Dkt. No. 3, Ex. 4, Ex. 2 at 2.

On July 29, 2009, Plaintiff was advised by Defendant that he was "pre-approved for a Loan Modification." Dkt. No. 3, Ex. 5. The 2009 offer for Loan

---

[2] Defendant's motion argues that, if it is not entitled to dismissal of claims pursuant to Rule 12(b)(6), it is entitled to judgment pursuant to Rule 56.  Many of Defendant's arguments suggest that there is no genuine dispute of material fact with respect to Plaintiff's claims.  This case was filed in October 2016, and no discovery has taken place.  At this stage of the proceedings, the Court rejects Defendant's invitation to make judgments as a matter of law based on the absence of genuine disputes of material fact and denies as premature Defendant's factual arguments.

Modification was finalized in February 2010, added the delinquent interest and escrow to the principal balance of the loan, and reduced the interest rate from 7% to 5.75%. In 2011, Plaintiff again requested mortgage assistance after falling behind on his monthly payments due under the mortgage loan. Dkt. No. 3, Ex. 7. Defendant advised Plaintiff on July 8, 2011, that he was "pre-approved for a Loan Modification." Dkt. No. 3, Ex. 8. Under the 2011 Loan Modification, finalized in December 2011, the delinquent interest and escrow were added to the principal balance of the loan, the interest rate was reduced from 5.75% to 5.125%, and the maturity date of the loan was extended.

On February 1, 2013, Plaintiff submitted another application for mortgage assistance. Dkt. No. 3, Ex. 10. On June 5, 2013, Defendant advised Plaintiff that he was in default and offered Plaintiff a special forbearance. Dkt. No. 3, Ex. 11. The forbearance offer was never accepted, and Plaintiff advised Defendant that he would "not be able to do repay plan." Dkt. No. 3, Ex. 12. On July 22, 2013, Defendant advised Plaintiff that "[d]ue to the status of your account, it is necessary to initiate foreclosure action." Dkt. No. 3, Ex. 13.

On September 8, 2015, Plaintiff was notified that he was in breach of the mortgage loan for failure to pay the monthly installments when due. Dkt. No. 3, Ex. 14. The last payment made by Plaintiff under the mortgage loan was for September

2015. Dkt. No. 3, Ex. 15.  On March 17, 2016, Defendant acknowledged receiving another application for mortgage assistance from Plaintiff that was incomplete. Dkt. No. 3, Ex. 16.  In the letter, Defendant advised Plaintiff that during the review of the application, "all foreclosure activities, including a potential foreclosure sale, will proceed as scheduled." Dkt. No. 3, Ex. 16 at 2.  On March 18, 2016, Plaintiff was advised that Defendant elected to accelerate the total indebtedness due and owing under the mortgage loan. Dkt. No. 3, Ex. 17.

On March 25, 2016, Plaintiff was mailed a copy of the publication notice advising Plaintiff that a foreclosure sale would take place on April 27, 2016 at 11:00 a.m. Dkt. No. 3, Ex. 18. Notice of default and the foreclosure sale were published in the Flint-Genesee County Legal News on March 23, March 30, April 6, and April 13, 2016. Dkt. No. 3, Ex. 19. Notice of the default and the foreclosure sale were also posted on the Property on April 4, 2016. Dkt. No. 3, Ex. 20.  Publication and posting of the default and foreclosure are acknowledged in the Complaint. Dkt. No. 1, Complaint ¶¶ 45-46.  The sheriff's sale took place as scheduled on April 27, 2016, and the Property was sold at foreclosure to Defendant for $154,160. Dkt. No. 1, Complaint ¶¶ 18, 47; Dkt. No. 3, Ex. 21.  The redemption period expired on October 27, 2016. Dkt. No. 1, Complaint ¶ 54; Dkt. No. 3, Ex. 21 at 6.

On October 24, 2016, two days before filing his Complaint, Plaintiff sent a

qualified written request ("QWR") to Defendant. Dkt. No. 1, Complaint ¶ 13.

Defendant timely responded to the QWR on November 8, 2016. Dkt. No. 3, Ex. 22.

On October 26, 2016, Plaintiff filed his fifteen-count Complaint seeking equitable,

declaratory and monetary relief against Defendant. His claims are: (1) Count I -

Declaratory Relief; (2) Count II - Quiet Title; (3) Count III - Illegal Foreclosure under

M.C.L. § 600.3204 *et seq.*; (4) Count IV - Illegal Foreclosure - Respecting Notice of

Default; (5) Count V - Illegal Foreclosure - Respecting Foreclosure Alternatives; (6)

Count VI - Violation of the Fair Debt Collection Practices Act ("FDCPA"); (7) Count

VII - Violations of 12 C.F.R. § 1024.41 *et seq.* - Regulation X; (8) Count VIII -

Violations of 15 U.S.C. § 1601 *et seq.* - Regulation Z; (9) Count IX - Violations of

12 U.S.C. § 2605 *et seq.* (Regulation X); (10) Count X - Breach of Contract; (11)

Count XI - Intentional Misrepresentation and Fraud; (12) Count XII - Slander of

Title; (13) Count XIII - Declaratory Relief - Foreclosure Barred by Unclean Hands;

(14) Count XIV - Declaratory Relief - Violation of Michigan Consumer Protection

Act ("MCPA"); and (15) Count XV - Request for Conversion to Judicial Foreclosure.

## III.    APPLICABLE LAW

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the plaintiff's

complaint. Accepting all factual allegations as true, the court will review the

complaint in the light most favorable to the plaintiff. *Eidson v. Tennessee Dep't of*

*Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007). As a general rule, to survive a motion to dismiss, the complaint must state sufficient "facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The complaint must demonstrate more than a sheer possibility that the defendant's conduct was unlawful. *Id.* at 556. Claims comprised of "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. ANALYSIS

### A. Counts I - IV

In Michigan, "all the right, title, and interest" a mortgagor has in real property is extinguished upon the expiration of the redemption period. M.C.L. § 600.3236; *Conlin v. MERS, Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) ("Unless the premises described in [the sheriff's] deed shall be redeemed within the time limited for such redemption . . . such deed shall thereupon become operative, and shall vest in the grantee . . . all the right, title, and interest which the mortgagor had at the time of the execution of the mortgage"). *See also Bryan v. JPMorgan Chase Bank*, 304

Mich.App. 708, 713-14 (2014) ("by failing to redeem the property within the applicable time, plaintiff lost standing to bring her claim"); *Spartan Distrs., Inc. v. Golf Coast Int'l, L.L.C.*, 2011 WL 1879722 (Mich.App. 2011).

In Michigan, the redemption period is six months from the date of the foreclosure sale. *See* M.C.L. § 600.3240(8). *See also Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187 (1942)*; Overton v. Mortgage Electronic Registration Systems*, No. 284950, 2009 WL 1507342, at *1 (Mich. App. May 28, 2009); *Jackson v. CitiMortgage, Inc.*, No. 10-14221, 2011 WL 479923, at *2 (E.D. Mich. Feb. 4, 2011); *Moriarty v. BNC Mortgage, Inc.*, No. 10-13860, 2010 WL 5173830, at *2 (E.D. Mich. Dec. 10, 2010); *Mission of Love v. Evangelist Hutchinson Ministries*, No 266219, 2007 WL 1094424, at *5 (Mich. App. April 12, 2007).

In this case, the redemption period expired on October 27, 2016, six months after the sheriff's sale of the Property. Plaintiffs filed the instant cause of action on October 26, 2016, one day prior to the expiration of the redemption period. Even though Plaintiff filed his Complaint the day before the redemption period expired, the redemption period still expired on the same date (October 27, 2016). One's ability to challenge the foreclosure is not tolled simply by filing a complaint, so Plaintiff lacks standing to challenge the foreclosure even though his Complaint pre-dated October 27, 2016 (six months after the foreclosure sale). *See Overton*, 2009 WL

1507342, at *1 (Mich. App. May 28, 2009) ("Although [plaintiff] filed his suit before the redemption period expired, that was insufficient to toll the redemption period"); *Jackson*, 2011 WL 479923, at *2; *Moriarty*, 2010 WL 5173830, at *2; *Mission of Love*, 2007 WL 1094424, at *5.

Under Michigan law, a plaintiff may challenge the foreclosure sale after the expiration of the redemption period by alleging fraud or irregularity in the foreclosure sale process. *See, e.g., Paige v. Kress*, 80 Mich. 85, 89 (1890); *Overton*, 2009 WL 1507342, at *1; *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *6 (E.D. Mich. Feb. 24, 2011) ("A court has no authority to set aside a properly conducted foreclosure in the absence of a clear showing of fraud, accident, or mistake in the foreclosure proceedings."). As Defendant argues, Plaintiff has failed to allege any fraud or irregularity in the foreclosure process itself, as the alleged.

The Court dismisses Counts I-IV of the Complaint.

## B.  Count V

In Count V, Plaintiff alleges "Defendants unlawfully caused a foreclosure proceeding to commence and continue when Plaintiff was being considered for foreclosure alternatives prior to the publication of the notice of sale and holding of the foreclosure sale." Dkt. No. 1, Complaint ¶ 101. Defendant asserts, and the language used by Plaintiff supports a finding, that this claim is based on M.C.L. §

600.3204(4).  Plaintiff did not address Count V in his response.

Subsection 600.3204(4) was repealed, effective as of June 19, 2014. *See Katulski v. CPCA Trust I*, No. 313790, 2015 WL 248655, at *14 n.11 (Mich.Ct.App. Jan. 20, 2015) ("The Michigan Legislature has since repealed MCL § 600.3204(4), see 2014 PA 125 (effective June 19, 2014), and MCL § 600.3205a, see 2012 PA 521 (effective June 30, 2013)).  Because the statute has been repealed, the Court concludes that there is no legal basis for – and dismisses – Plaintiff's claim at Count V of his Complaint.

## C.    Count VI

Defendant argues that there are two allegations in Plaintiff's FDCPA claim in Count VI, both of which are factually deficient.  Defendant argues that one of Plaintiff's allegations ("Defendants adjourned the foreclosure sale from April 27, 2016, to April 27, 2016 without proper notice") is not even possible.  Defendant argues that a second allegation ("When [Defendant] began servicing the Mortgage, Plaintiff was in default on his mortgage obligations") is "absurd" because Defendant was assigned the servicing rights for the mortgage loan only eight days after it was executed.  Plaintiff did not respond to Defendant's argument regarding Count VI, but there are other allegations in Count VI and – though Defendant may be correct regarding the factual accuracy of the two allegations noted above  – the Court does

not evaluate and resolve factual issues at the Rule 12(b)(6) stage. Accordingly, the Court finds that Defendant has not met its burden of showing that it is entitled to judgment as a matter of law pursuant to the Rule 12(b)(6) pleading threshold. The Court denies Defendant's motion to dismiss Count VI.

## D.    Count VII

With respect to Count VII, Defendant's argument begins: "[Plaintiff] alleges that [Defendant] did not comply with RESPA by 'pursuing loss mitigation options contemporaneously with active foreclosure proceedings.' Dkt. No. 1, Complaint ¶ 120. [Plaintiff]'s allegation is refuted by the undisputed facts." Dkt. No. 3, PgID 81 (emphasis added). Defendant then sets forth a slew of facts about how Plaintiff's loss modification applications, mortgage transactions, and foreclosure proceedings transpired. Although Plaintiff did not respond to Defendant's argument regarding Count VII, Defendant's argument is contingent on findings of fact by the Court–which is not appropriate when considering a motion to dismiss.

Defendant further argues that "[n]othing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option." Citing 12 C.F.R. § 1024.41(a). Defendant contends that RESPA does not permit equitable relief in the form of setting aside a sheriff's sale, citing *Servantes v. Caliber Home Loans, Inc.*, No. 14-13324, 2014 U.S. Dist. LEXIS 170667, at **2-3 (E.D. Mich. Dec.

10, 2014), and a plaintiff must "allege actual damages resulting from a violation of § 2065." *Avila v. JPMorgan Chase Bank, N.A.*, 2015 U.S. Dist. LEXIS 47944, at *3 (S.D. Tex. Apr. 13, 2015). *See also Mrla v. Fed. Nat'l Mortg. Ass'n.*, No. 15-CV-13370, 2016 WL 3924112, at *3 (E.D. Mich. July 21, 2016).

The Court finds that Plaintiff has failed to allege in his Complaint that any violation of § 2065 by Defendant caused Plaintiff to suffer actual damages, and Plaintiff did not respond to Defendant's argument regarding Count VII. Accordingly, Count VII is dismissed.

## E.    Count VIII

In Count VIII, Plaintiff alleges that Defendant violated the Truth in Lending Act ("TILA"), namely the provision requiring that "not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, the creditor that is the new owner or assignee of the debt shall notify the borrower in writing of such transfer . . ." TILA provides that the statute of limitations for a claim is "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).

The assignment of mortgage in this case was publicly recorded on September 3, 2013, more than three years before Plaintiff filed his Complaint (and over two years after the statute of limitations had expired). Defendant argues that this case

should be dismissed, even if a violation occurred, because the statute of limitations had expired over two years before Plaintiff filed the case. *Trudell v. Carrington Mortg. Servs., LLC*, No. 16-10441, 2016 WL 6080822 (E.D. Mich. Sept. 27, 2016), report and recommendation adopted sub nom., *Trudell v Carrington Mortg. Servs., LLC*, 2016 WL 6070124 (E.D. Mich. Oct. 17, 2016).

Plaintiff contends that the statute of limitations must be equitably tolled because "he was completely unaware of the TILA violations until shortly before he filed his . . . complaint." Plaintiff contends that inequitable conduct on the part of the service is a basis for equitable tolling of the TILA statute of limitations. Citing *Marshall-Ford v. Wells Fargo Mortg.*, 2009 U.S. Dist. LEXIS 77795, at **7-8 (E.D. Mich. Aug. 32, 2009); *Jones v. TransOhio Savings Ass'n*, 747 F.2d 1037, 1043 (6th Cir. 1984). In *Marshall-Ford*, the court stated only that "the one-year statute of limitations may be subject to equitable tolling" but, because the plaintiff's complaint in that case lacked any allegations of inequitable conduct, that case does not serve to help this Court's analysis. *Marshall-Ford*, 2009 U.S. Dist. LEXIS 77795, at **7-8 n.5. As in *Marshall-Ford*, Plaintiff does not identify any inequitable conduct by Defendant. Plaintiff simply argues that "[t]he fraudulent conduct of [Defendant] was the reason that Plaintiff was unaware of any TILA violations." Dkt. No. 6, PgID 376.

The Court dismisses Count VIII of Plaintiff's Complaint.

**F.    Count IX**

Plaintiff claims that Defendant breached its statutory duty under 12 U.S.C. § 2605 by failing to notify Plaintiff "that servicing of the Loan and/or Mortgage was sold or transferred." Dkt. No. 1, Complaint ¶ 139. Defendant asserts that allegation is contradicted by the undisputed facts that show Plaintiff was advised that Defendant was assigned the servicing rights for the mortgage loan only eight days after the mortgage was executed. Dkt. No. 3, Ex. 3.  Although this is a factual argument, Plaintiff did not address it in his response and there appears to be no dispute regarding the notice sent to Plaintiff on November 20, 2007. *See* Dkt. No. 3, Ex. 3; Dkt. No. 3, Ex. 4; Dkt. No. 3, Ex. 2 at 2.  Count IX is dismissed.

**G.    Count X**

Plaintiff alleges that Defendant breached the terms of the mortgage and note – "as well as the implied covenant of good faith and fair dealing" – when Defendant: (a) failed to send Plaintiff required notices; (b) disingenuously negotiated loss mitigation assistance with him; and (c) misled him about approval and extension of loss mitigation assistance as an alternative to foreclosure. Dkt. No. 1, Complaint ¶ 144. Defendant argues, and Plaintiff does not contest, that Defendant published the required notices as required by law (part (a)).  As to the alleged breaches related to loss mitigation assistance (parts (b) and (c)), Defendant asserts that Plaintiff has not

shown that Defendant breached any provision of the mortgage – but whether Plaintiff

has shown a breach of any provision is a factual question that is not before the Court

on a motion at this stage of the proceedings. Defendant's motion to dismiss Count

X must be denied on this basis.

In reviewing the Complaint, the Court also notes that Plaintiff: (1) literally

captioned Count X as "Breach of Contract;" and (2) alleges, among other things, that

"Defendants breached the contract as well as the implied covenant of good faith and

fair dealing in the contract with Plaintiff . . . " Dkt. No. 1, ¶ 144. The Court

concludes that Count X survives Defendant's Rule 12(b)(6) motion because the

breach of contract is tied into the breach of the implied covenant of good faith and

fair dealing claim. *See Gallagher v. BAC Home Loans Serv. LP*, 2012 U.S. Dist.

LEXIS 74292, at **36-37 (W.D. Mich. May 30, 2012) ("Michigan does not recognize

a cause of action for breach of the implied covenant of good faith and fair dealing"

but allows such a cause of action in conjunction with a breach of contract claim);

*Darcy v. CitiFinancial, Inc.*, 2011 U.S. Dist. LEXIS 95238, at *8 (W.D. Mich. Aug.

25, 2011) (same). As such, Defendant's reliance on Michigan cases that provide that

a "breach of the implied covenant of good faith and fair dealing is not an independent

cause of action in [Michigan]," *see, e.g., Gay v. Fannie Mae & Everhome Mortg. Co.*,

2014 Mich.App. LEXIS 1582, at *6 (Aug. 26, 2014); *Kewin v. Massachusetts Mut.*

14

*Life Ins. Co.*, 409 Mich. 401, 422-23 (1980) (Michigan does not recognize an independent cause of action for an alleged breach of a contract's implied covenant of good faith and fair dealing), is misplaced. The Court finds that Plaintiff has adequately pled a breach of contract and breach of the implied covenant of good faith and fair dealing in the contract, such that Defendant's motion to dismiss Count X must be denied.

Defendant's motion to dismiss Count X is denied.

## H.     Count XI

In Count XI, Plaintiff alleges that Defendant repeatedly made misrepresentations or omissions to him regarding the mortgage and the status of the loan modification. Plaintiff specifically identifies two instances of allegedly false representations by Defendant, each of which Defendant knew Plaintiff did not know were false:

a)     that [Defendant was] reviewing Plaintiff for a loan modification and advised Plaintiff not to worry about the foreclosure or sheriff's sale, omitting the  the fact that the sale was not being delayed during these negotiations.

b)     that the foreclosure and sheriff's sale were performed lawfully and in accordance with the industry standards, and that Plaintiff would not be able to get his house back.

Dkt. No. 1, Complaint ¶ 147.

Defendant first argues that Plaintiff has not pled the allegations of fraud with sufficient particularity pursuant to Rule 9(b).  A plaintiff must show the following in order to recover for fraud:

> (1) the defendant made a material representation; (2) the representation was false; (3) when defendant made the representation, the defendant knew it was false, or made it recklessly, without knowledge of its truth as a positive assertion; (4) the defendant made the representation with the intention that the plaintiff would act upon it; (5) the plaintiff acted in reliance upon it; and (6) the plaintiff suffered damages.

*Cummins v. Robinson Twp*, 283 Mich.App. 677, 695-96 (2009); *Lawrence M. Clarke, Inc. v. Richco Constr., Inc.*, 489 Mich. 265, 283-84 (2011).  The "absence of any one of [those elements] is fatal to recovery." *Hi-Way Motor Co. v. Int'l Harvester Co.*, 398 Mich. 330, 336 (1976).

A properly pled fraud claim requires that the plaintiff: "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008). The threshold test is "whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant . . . . to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Coffey v. Foamex, LP*, 2 F.3d 157, 162 (6th Cir. 1993).

Defendant asserts that Plaintiff has not identified any misrepresentations, who made them, when they were made, why they were fraudulent or how he relied upon them. Defendant further argues that Plaintiff cannot establish any damages because his loss of the Property was attributable to his failure to meet his obligations under the mortgage and note. Defendant suggests that Plaintiff simply set forth general allegations. Plaintiff responds that, once he realized Defendant was mishandling his loan modification request and application, he requested documents from Defendant pursuant to the QWR but got only an incomplete response. Plaintiff states that Exhibits 5 through 13 to Defendant's Motion were missing from Defendant's response to the QWR. Plaintiff contends that discovery is needed to review those documents and information, such that dismissal is not appropriate.

Defendant also argues that Plaintiff's fraud claim is barred by the Statute of Frauds because the alleged promises Plaintiff cites were oral promises and such representations must be made in writing and signed by an authorized person. Citing M.C.L. § 566.132. Defendant contends that the language of the statute of frauds is unambiguous. The Court agrees. As stated by the Michigan Court of Appeals:

> MCL 566.132(2); MSA 26.922(2) expressly states that "[a]n action shall not be brought against a financial institution to enforce [a promise or commitment to waive a provision of a loan] unless the promise or commitment is in writing and signed with an authorized signature by the financial institution" (emphasis supplied). This language is

> unambiguous. It plainly states that a party is precluded from bringing a
> claim—no matter its label—against a financial institution to enforce the
> terms of an oral promise to waive a loan provision.

*Crown Tech. Park v. D&N Bank, FSB*, 242 Mich. App. 538, 550 (2000).  Plaintiff's

promissory estoppel arguments are misplaced in this case, where Defendant is a

financial institution, against whom a claim cannot be based on an oral promise to

waive a loan provision. *Id.*  Count XI is dismissed.

## I.      Count XII

The statutory and common law elements of slander of title are (1) publication

of a false statement by defendants, and (2) malice, with intent to injure the plaintiff.

*Glieberman v. Fine*, 248 Mich. 8 (1929); *Federal Nat'l Mortg. Ass'n v. Lagoons

Forest Condo. Ass'n*, 305 Mich.App. 258, 269 (2014); *Stanton v. Dachille*, 186

Mich.App. 247 (1990).  Special damages are an additional element of the tort when

the action is one for common-law slander of title. *B&B Inv. Group v. Gitler*, 229 Mich

App 1 (1998); *Sullivan v. Thomas Org., P.C.*, 88 Mich.App 77, 82 (1979).  "[T]he

crucial element is malice." *Lagoons Forest Condo.*, 205 Mich.App. at 270.  Malice

requires that the defendant knew of the foreclosure infirmity or had no good faith

basis to assert the validity of the foreclosure. *Glieberman*, 248 Mich. at 12.

Defendant argues that Plaintiff has not alleged that Defendant filed an invalid

lien on the Property, that there are no allegations that Defendant acted with the intent

to cause Plaintiff's injury, nor any special damages that occurred. Plaintiff does not respond to this argument. The Court notes that Plaintiff has alleged that "[t]he recording of the Sheriff's Deed against Plaintiff's home when Defendants were aware the Deed was the result of a wrongful foreclosure constitutes slander of title." Dkt. No. 1, Complaint ¶ 159. Plaintiff also alleges "special damages" and "exemplary damages" associated with the slander of title claim. Dkt. No. 1, Complaint ¶¶ 160, 161. The Court finds that the elements of slander have not been adequately alleged.

The Court dismisses Count XII of Plaintiff's Complaint.

## J.     Count XIII

In Count XIII, Plaintiff seeks declaratory relief barring the foreclosure because it was based on unclean hands by Defendant. Plaintiff's claim does not specify any bad faith acts. Plaintiff simply alleges that "Defendants' above-referenced conduct constitutes multiple instances of bad faith negotiations with Plaintiff, as well as bad faith processing his mortgage loan and/or request for modification. Dkt. No. 1, Complaint ¶ 164.

Defendant argues that it is entitled to dismissal because it "exercised its contractual and statutory right to foreclose by advertisement after [Plaintiff] stopped making his monthly mortgage payments in September 2015." The Court finds that there is nothing unclean or inequitable about those actions, *Trudell*, 2016 WL

6080822, at *10, and Plaintiff has not responded to Defendant's argument regarding Count XIII. Count XIII is dismissed.

## K.    Count XIV

In Count XIV, Plaintiff seeks declaratory relief for an alleged violation of the MCPA. Defendant argues that the MCPA claim fails as a matter of law because the MCPA does not apply to Defendant. Section 4(1)(a) of the MCPA exempts any "transaction or conduct specifically authorized under laws administered by a regulatory board or officer acting under statutory authority of this state or the United States," M.C.L. § 445.904(1)(a), and residential mortgage loan transactions are exempt from the MCPA. *Newton v. West*, 262 Mich.App. 434, 439-42 (2004); *Chungag v. Wells Fargo Bank, NA*, No. 10-14648, 2011 U.S. Dist. LEXIS 15986, at **9-10 (E.D. Mich. Feb. 17, 2011) ("both Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage loan transactions"); *Salman v. U.S. Bank, N.A. N.D.*, No. 11-10253, 2011 U.S. Dist. LEXIS 120062, at *18 (E.D. Mich. Oct. 18, 2011).

The Court concludes that, because Plaintiff's MCPA claim stems from a residential loan transaction, the claim must be dismissed as a matter of law. Count XIV is dismissed.

20

**L.     Count XV**

Count XV is based on M.C.L. § 600.3205(c).  As Plaintiff acknowledges in his Complaint (and Defendant argues in its motion), M.C.L. § 600.3101 *et seq.* (including M.C.L. § 600.3205(c) was repealed, effective June 30, 2014.  The Court finds that, as the events of this case occurred long after June 30, 2014, Plaintiff cannot bring an action pursuant to that statute, as a matter of law.  Plaintiff's claim is also futile due to untimeliness. *See Elezaj v. U.S. Bank, N.A.*, No. 14-CV-10485, 2014 WL 4965906, at *3 (E.D. Mich. Oct. 3, 2014) (citation omitted) ("conversion of a foreclosure-by-advertisement to a judicial foreclosure–is not available after the foreclosure sale and/or after the expiration of the statutory redemption period").  Count XV is dismissed.

**V.     CONCLUSION**

For the reasons set forth above,

IT IS ORDERED that Defendant's Motion to Dismiss, or in the Alternative, for Summary Judgment [Dkt. No. 3] is **GRANTED IN PART** and **DENIED IN PART**.

IT IS FURTHER ORDERED that Counts I-V, VII-IX, and XI-XV are **DISMISSED**.

IT IS FURTHER ORDERED that Counts VI and X remain pending before the Court.

IT IS SO ORDERED.

s/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated:  September 25, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 25, 2017, by electronic and/or ordinary mail.

s/Julie Owens Acting in the Absence of LaShawn R. Saulsberry
Case Manager